THE STATE, JAMES DAY, PROSECUTOR, v. THE PUBLIC ROAD BOARD OF THE TOWNSHIP OF RIDGEFIELD.

Section 8, concerning roads in the township of Hackensack (*Pamph L.* 1870, *p.* 8), applicable to Ridgefield, requires that the road board shall decide and determine upon the necessity of a proposed improvement in roads. Their decision must show that they did so decide and determine in exercising their special statutory authority.

---

On *certiorari*. In matter of opening an extension of Central avenue.

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutors, *A. T. McGill.*

Day v. Ridgefield.

For the defendants, *C. H. Voorhis*.

The opinion of the court was delivered by

SCUDDER, J.   The proceedings brought up for review in this case were taken on the application of twelve freeholders, in the township of Ridgefield, in the county of Bergen, under section 8 of the act concerning roads in the township of Hackensack (*Pamph. L.* 1870, *p.* 8), section 4 of the supplement (*Pamph. L.* 1871, *p.* 1507), and the further supplement (*Pamph. L.* 1874, *p.* 579).   The public road board of the township of Ridgefield, having made their decision, award and assessment for laying out and opening an extension of Central avenue, through the lands of the prosecutors and others, this *certiorari* is brought to set aside these proceedings for alleged irregularities.

There are thirty reasons assigned for reversing the action of the road board, founded on the complex and difficult provisions of these different statutes.   Fortunately we may stop at the first reason without examining the others, which seem to be of minor importance.   The section (8) above referred to, in the original act, which is continued in the supplement, requires that " the said board shall decide and determine upon the necessity of such proposed improvement, and if the said board shall decide and determine in favor thereof, they shall make their decision in writing," &c.   Section 4 of the supplement of 1871 adds to the former act that after hearing, " the commissioners shall appoint a committee of their number to examine the route of the proposed road, and to report upon the feasibility and advisability of the same, and what changes, if any, shall be made therein ; and thereupon the said board shall decide and determine upon the necessity of such proposed improvement," &c., as in the prior act.   The act of 1874 does not change these requirements.   In examining the decision in writing returned with the writ, we find that a committee was appointed ; that they reported it was feasible and advisable to lay out and open said road without any changes ; " and the said board did then decide in favor of

such improvement of laying out and opening the said road,"
&c. The important omission is that it does not appear that
the board did decide and determine upon the necessity of such
proposed improvement. The decision and determination by
them that the proposed improvement is necessary is made the
basis of further proceeding, and it is therefore essential that it
should appear on the face of their decision in writing. The·
board having only a special statutory authority for taking
land for public roads, and assessing damages and benefits·
therefor, every essential requirement of the law conferring·
this extraordinary power must appear to have been observed.
*Semon* v. *City of Trenton,* 18 *Vroom* 489.

For this reason the proceedings are set aside and vacated,·
without costs.